Robertson, J.
Costs were not recoverable at common law. It is true that in actions in which damages were given the costs of the plaintiff were in reality considered and included in the qumitum of damages, and he thus indirectly recovered his costs, or their equivalent. But he could not do this in actions in which no damages were given; and the defendant could not, in any case whatever, recover his costs, either directly or indirectly.— It is by virtue of statute law alone that any judgment for costs, eo nomine, can be rendered in favor of either party. 3 Black. Comm. 399; Com. Dig. Tit. Costs; Viner’s Abr. Tit. Costs; 1 Rob. Prac. (old ed.) 389.
■The act under which the proceedings in this case were had (acts 1852 ch. 71) provides that the returns of the elections of sheriffs, and of certain other officers, “shall be subject to the enquiry, determination and judgment of the respective county and corporation courts,” and that “the said courts shall in judging of said elections, proceed upon the merits thereof, and shall determine finally concerning the same according to the constitution and laws of tins commonwealth”; but no authority is given by it to said courts to render any judgment for costs. If such authority exists it must be found in some statute conferring upon the courts general power over the subject of costs. The only enactments having any bearing on the question under consideration, are to be found in sections 4 and 8 of chapter 185 of the Code.
The fourth section authorizes the court, “upon any motion (other than for a judgment for money), or upon any interlocutory order or proceeding,” to “give or re *272 fuse costs, at its discretion, unless it be otherwise pro-i Vlded.
The eighth section declares that, “except where it is otherwise provided, the party for whom final judgment is given in any action, or in a motion for judgment for money, whether he be plaintiff or defendant, shall recover his costs against the opposite party.”
Unless the proceedings under the statute of 1852, in the case of a contested election, can be considered as a “motion,” or an “action,” or an “interlocutory order or proceeding,” it is clear that they are not embraced by either of these sections.
They certainly do not fall within the terms “interlocutory order or proceeding” ; and it seems equally clear that they are neither a “motion,” nor an “action.” These words have a well understood technical meaning, and cannot, by any stretch of construction, be made to embrace such proceedings as are directed to be had in cases of contested elections. These proceedings are novel and peculiar in their character, and seem designed rather for the purpose of ascertaining, on behalf of the public, who has been duly elected, than of enabling rival candidates to litigate, on their own behalf, the question of right to an office. Ho contest can be commenced unless complaint of an undue election, or false return, is made by fifteen or more of the qualified voters, two of whom must make oath or affirmation to the truth of the facts stated in the complaint. This must be filed in the Clerk’s office within ten days after the election, and the party whose election is contested must within ten days after the complaint, be served with a copy of it. The defeated candidate, who is the only other party who can be supposed to have any personal interest in the matter, cannot, at his own pleasure, enter upon the contest; and it may be commenced and prosecuted without his knowledge, or against his wish. He is not a necessary party *273 in any stage of the proceedings. Indeed the complaint may be made and the election set aside when there has been no candidate except the one whose election is contested. In this case the defeated candidate was not one of the complainants, and the only thing in the record from vvhieh his name is to be ascertained is the statement, to be found in the decision of the court, of the number of illegal votes upon his poll.
Proceedings like these cannot be regarded as a “motion,” or an “action,” within the purview of the statutes regulating costs between parties.
Frivolous contests are guarded against by the requirement of an affidavit as to the truth of the complaint, by the number of complainants necessary to commence a contest, and the trouble and expense to which they must be subjected in prosecuting it. These safeguards are sufficient without superadding a liability for costs to the party whose election is contested. Such liability would operate as an undue discouragement to the institution of a contest in which the whole community is as much interested as the complainants. The refusal to give costs to either party seems to be the best mode of avoiding the discouragement of proper contests on the one hand, and the encouragement of frivolous ones on the other. But whether this be so or not, it is enough for us to know that the legislature has not authorized any judgment for costs to be given in sueh eases.
The County court in rendering such judgment exceeded its jurisdiction, and a writ of prohibition was a proper proceeding to arrest the execution of said judgment for want of authority in the County court to render the same.
In this view of the case it is not necessary to decide the question which has been raised as to the right of two <of the members of the County court to act as justices.
*274 The judgment of the Circuit court must he affirmed, with costs and damages.
The other judges concurred in the opinion of Robertjo j. SON J.
Judgment affirmed.